# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RUBEN HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-1433-JES |
| | ) |
| LIEUTENANT HITCHENS, SERGEANT MANN and OFFICER PRICE, | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court on Defendants' motion for summary judgment.

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

1

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

Defendants Lieutenant Ryan Hitchens, Sergeant Harold Mans, and Correctional Officer Timothy Price (each IDOC employees who worked at the Pontiac Correctional Center during the relevant time) have filed a motion for summary judgment on Plaintiff Ruben Hernandez's excessive force claim against them. Hernandez alleges that, after being unable to get along with his cellmate, he was transferred to a different cell. While being escorted to his new cell, Hernandez claims that Lieutenant Hitchens grabbed him by the back of his neck and accused him of threatening the staff at Pontiac. Thereafter, Sergeant Mann and Officer Price joined in and began pushing and shoving Hernandez. During this assault, Officer Price told Lt. Hitchens that Hernandez had threatened and assaulted his friend Correctional Officer Tranchant.

According to Hernandez, once they arrived at his new cell, Lt. Hitchens, Sergeant Mann, and Officer Price continued to physically assault him. They (allegedly) pushed Hernandez into the cell; slammed him to the floor; held him down; pulled his arms while he was handcuffed; and slammed his arms against the cell door. Hernandez claims that he sustained several injuries to his wrists, forearms, knuckles, and fingers as a result of the attack.

Defendants argue that, even if Hernandez's version of the events is true, they are entitled to summary judgment for two reasons. *First*, Defendants assert that, based upon Hernandez's own testimony and admissions that he made during his deposition, their use of force was warranted and justified under the circumstances as a matter of law. According to Defendants, Hernandez admitted to being verbally abusive and combative towards them; he acted aggressively towards them; and he actively resisted their commands. As a result, Defendants contend that they were justified in exerting the force that they used against Hernandez.

*Second*, Defendants argue that they are immune from this suit based upon the doctrine of qualified immunity. Defendants state that they used the force minimally necessary to protect the safety of all involved as well as the safety and order of the prison itself. Therefore, Defendants contend that they are entitled to summary judgment based upon the doctrine of qualified immunity.

The Court disagrees. In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court re-emphasized its holding in *Hudson v. McMillan*, 503 U.S. 1 (1992), that the "'core judicial inquiry [] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith-effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). Specifically, the Supreme Court held: "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9, 112 S. Ct. 995; see also *id*., at 13-14, 112 S. Ct. 995 (Blackmun, J., concurring in judgment)("The Court today appropriately puts to

3

rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' *e.g.,* injury that requires medical attention or leaves permanent marks"). *Id*. at 37-38.

Contrary to Defendants' argument, the Court cannot say that Hernandez's testimony that he gave at his deposition was so conciliatory that the Court could find—as a matter of law—that Defendants' actions were justified. Instead, "[w]hether this force was justified under the circumstances or was excessive and calculated to cause plaintiff more harm than was warranted is a question of fact best left to the jury." *Jenkins v. Wilson*, 432 F. Supp. 808, 813 (W.D. Wis. 2006).

During his deposition, Hernandez testified that Hitchens grabbed him by the neck before Hernandez did or said anything that should have engendered such an action. Thereafter, Price and Mans lifted Hernandez up from the backside of my handcuffs and the right side of his jumpsuit and began dragging him down the gallery. Later, Price and Mans allegedly grabbed Hernandez by the throat and slammed him to the ground on his head. This testimony is sufficient to allow this case to proceed to trial because a jury must determine whether the force that Defendants exerted on Hernandez was excessive or whether it was justified and necessary under the circumstances given that Hernandez offered some resistance to Defendants' use of force at different junctures during the incident. Accordingly, Defendants' motion for summary judgment is denied.

Furthermore, the Court cannot say that Defendants are protected from liability based upon the doctrine of qualified immunity. On the day of the incident, it was clearly established that correctional officers could not use excessive force against an inmate. *C.f. Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 687 (7th Cir. 20007). Taking Hernandez's account of the

events in question as true, there is a question of fact for the jury as to whether Defendants could have reasonably believed that the force used against Hernandez was justified and necessary. *Martin v. Fort Wayne Police Dep't*, 2014 WL 1031195, * 9 (N.D. Ind. Mar. 17, 2014); *Frazell v. Flanigan*, 102 F.3d 877, 884 (7th Cir. 1996)(*overruled on other grounds* )(holding that the jury could reasonably conclude that officer who struck subdued suspect in back with nightstick used objectively unreasonable force and was not entitled to qualified immunity).

**IT IS, THEREFORE, ORDERED:**

    1.    **Defendants' motion for summary judgment [30] is DENED.**

    2.    **A final pretrial conference is set by telephone for October 29, 2015, at 1:15 p.m.  The Clerk is directed to prepare and to issue a telephone writ compelling Plaintiff's attendance at the final pretrial conference.**

    3.    **A jury trial is set for November 16, 2015, at 9:00 a.m.  The Clerk is directed to prepare and to issue a personal appearance writ compelling Plaintiff's attendance at the jury trial.**

Entered this _4th_ day of August, 2015

                                  /s James E. Shadid
                                  JAMES E. SHADID
                                  CHIEF UNITED STATES DISTRICT JUDGE